*CLOSED*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :   Hon. Stanley R. Chesler, U.S.D.J.
In re:                              :   Civil Action No. 11-1477 (SRC)
                                    :
                                    :   **OPINION & ORDER**
TARRAGON CORPORATION et al.         :
                                    :
    Debtors.                        :
_____:
                                    :
URSA DEVELOPMENT GROUP, LLC et al., :
                                    :
    Appellants,                     :
                                    :
        v.                          :
                                    :
MINNO & WASKO ARCHITECTS            :
AND PLANNERS, P.C.,                 :
                                    :
    Appellee.                       :
_____:

**CHESLER, U.S.D.J.**

This matter comes before the Court on the appeal filed by Appellant Ursa Development Group, LLC ("Ursa"). Ursa appeals from the January 18, 2011 Order entered by the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") in the bankruptcy adversary proceeding <u>1200 Grand Street Condominium Association et al. v. 1200 Grand Street Urban Renewal, LLC et al.</u>, No. 09-1465 (DHS). The Appellee, Minno & Wasko Architects and Planners, P.C. ("M&W"), has filed its opposition to the appeal. For the reasons stated below, this Court will reverse the January 18, 2011 Order.

This Court has jurisdiction to hear appeals of the final judgments and orders of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1). This Court reviews the Bankruptcy Court's

Case 2:11-cv-01477-SRC   Document 8   Filed 06/29/11   Page 2 of 5 PageID: 634

"legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof." In re American Pad & Paper Co., 478 F.3d 546, 551 (3d Cir. 2007); see also Fed. R. Bankr. P. 8013. Even an order that is not final under § 158(a) may be appealable under the collateral order doctrine established in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). The Third Circuit has applied Cohen to provide

> a narrow exception to the general rule permitting appellate review only of final orders. An appeal of a nonfinal order will lie if (1) the order from which the appellant appeals conclusively determines the disputed question; (2) the order resolves an important issue that is completely separate from the merits of the dispute; and (3) the order is effectively unreviewable on appeal from a final judgment. . . . To this end, as a doctrinal matter, orders that meet the three prongs described above are deemed to be "final decisions" within the meaning of the statute.

Petroleos Mexicanos Refinacion v. M/T King A (Ex-Tbilisi), 377 F.3d 329, 334 (3d Cir. 2004).

This appeal arises from an adversary proceeding involving a dispute over a real estate development project. Ursa is a defendant in that adversary proceeding, in which a homeowners' association sued the developers for, *inter alia*, negligent design and construction of the development. Ursa filed a third-party complaint (the "BR TPC") against M&W, an architectural firm alleged to have provided architectural services for the project, seeking contribution and indemnity. M&W filed a motion to dismiss the BR TPC because the third-party Plaintiffs had not filed an affidavit of merit, as required by N.J. Stat. Ann. § 2A:53A-27. The Bankruptcy Court held a hearing and, in an Order entered on January 18, 2011, granted the motion to dismiss for failure to comply with the affidavit of merit statute, dismissing the BR TPC with prejudice. Ursa now appeals this Order.

The key relevant section of New Jersey's affidavit of merit statute states:

In any action for damages for personal injuries, wrongful death or property

> damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

N.J. Stat. Ann. § 2A:53A-27.

Ursa's main point on appeal is that the Bankruptcy Court's decision is contrary to the controlling authority of the New Jersey Supreme Court in the <u>Highland Lakes</u> case.  Ursa's brief states its position succinctly:

> The principles set forth in <u>Diocese of Metuchen</u> were affirmed and extended by the New Jersey Supreme Court to apply to non-professional third-party plaintiffs asserting pass-through claims for contribution and/or indemnity against professionals where the third-party plaintiff's claims have not yet accrued.  <u>See</u> <u>Highland Lakes</u>, 406 N.J. Super. 145, 150 . . .  Appellants' claims for contribution and indemnity are paradigmatic examples of unaccrued third-party claims that seek only to direct the claims against them to the party who would have been responsible for the allegedly negligent conduct – Appellee here.

(Ursa's Br. 12.)  This argument is on point and persuasive.

In opposition, M&W contends that the BR TPC contains "more than 'paradigmatic pass-through claims for contribution and indemnification, but instead are new allegations, distinguishable from those made by the Association.'" (M&W's Br. 17.)  To whatever extent it is true that the BR TPC makes new allegations, this is immaterial.  At issue here are the third-party claims.  M&W contends that the BR TPC expands upon the claims made against Ursa and asserts new causes of action.  M&W has failed to persuade this Court that this is correct.

The BR TPC contains two claims, one for indemnification and the other for contribution.

The indemnification claim states: "Defendants state that in the event Defendants are found liable to Plaintiff, then Defendants' liability is based upon the conduct of the Third-Party Defendants." (Ursa's Br. Ex. B at 19.)  The contribution claim states: "Defendants are entitled to contribution from the Third-Party Defendants . . . in the event Plaintiff is able to recover damages from Defendants."  (Id.)

These two third-party claims are unaccrued claims: they will not accrue unless and until a judgment is entered against the Defendants/Third-Party Plaintiffs.  As the Appellate Division court explained:

> Generally, a cause of action for common law indemnification accrues at the time judgment is rendered against the indemnitee for the underlying claim.  And, a cause of action for contribution accrues when judgment is recovered against the defendant.

Highland Lakes Country Club and Community Ass'n v. Nicastro, 406 N.J. Super. 145, 153 (N.J. Super. Ct. App. Div. 2009), aff'd, 201 N.J. 123 (2009) (citations omitted).

M&W has failed to persuade this Court that the third-party claims are anything but straightforward, unaccrued claims for indemnification and contribution.  This Court does not find in the BR TPC any claim that does anything but pass through liability via contribution and indemnification.  This Court finds no new or independent causes of action in the BR TPC.  As such, as Ursa contends, Highland Lakes is on all fours and is controlling authority.  This case falls squarely within the exception to the affidavit of merit statute recognized by the New Jersey Supreme Court in Highland Lakes.  Under Highland Lakes, it was error for the Bankruptcy Court to dismiss these claims for failure to comply with the affidavit of merit statute.

This Court appreciates that, at times, it may be difficult to discern from a complaint and a

third-party complaint whether or not the third-party plaintiff's claims are in fact pass-through claims governed by Highland Lakes.  This can be particularly true where, as here, the allegations in the main complaint are set forth in conclusory terms that do not flesh out the factual bases for the claims.  Nevertheless, where the main complaint asserts claims which can be reasonably construed as being based upon professional malpractice attributable to a professional employed by the direct defendant, the key point of Highland Lakes is that it would be inappropriate to require the third-party plaintiffs to submit an affidavit of merit unless and until the primary plaintiff has fully and clearly asserted its claims.  To do otherwise would in effect require the defendant/third-party plaintiff to affirmatively prove the claims against itself in satisfying the affidavit of merit statute.

    For these reasons,

    **IT IS** on this 29th day of June, 2011,

    **ORDERED** that the Bankruptcy Court's Order of January 18, 2011 is hereby **REVERSED** and this case is **REMANDED** to the Bankruptcy Court for further proceedings in accordance with this Opinion.

      s/ Stanley R. Chesler
    Stanley R. Chesler, U.S.D.J.